**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE BALDOMERO ELIAS AJU, | ) | |
| | ) | |
| | ) | 3:26-CV-01165-MJH |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARKWAYNE MULLIN, TODD | ) | |
| BLANCE, TODD LYONS,  WARDEN OF | ) | |
| MOSHANNON VALLEY ICE | ) | |
| PROCESSING CENTER, | | |
| | | |
| Respondents, | | |

**<u>ORDER</u>**

Before this Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). The petition fails, because it is an improper "next friend" petition, and the Court lacks jurisdiction to consider it.  A "next friend" of Petitioner's must meet several requirements to have standing to "pursue[] the cause on behalf of the detained person." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  First, a "next friend" holds the burden to "provide an adequate explanation" for why the real party cannot file on his or her own behalf.  *See id.* (noting "inaccessibility, mental incompetence, or other disability" as adequate).  Incarceration alone is not a good enough reason. *See Klingensmith by Klingensmith v. Pennsylvania*, No. CV 25-1802, 2025 WL 3251199, at *1 (W.D. Pa. Nov. 21, 2025) (Horan, J.). Second, a "next friend" typically "must have some significant relationship with the real party" such that the "next friend" is "truly dedicated to the best interests" of the real party. *Whitmore*, 495 U.S. at 163–64. Third, "[a] non-attorney cannot represent another party, even if acting as a next friend." In other words, the next friend can essentially operate as a power of attorney and retain an attorney on behalf of the petitioner but

1

cannot proceed *pro se. Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 n.2 (3d Cir. 2020) (*per curiam*).  Because at least some of these requirements have not been met here, the petition is DISMISSED without prejudice. The Clerk of Court shall mark this case as closed.

DATED: June 24, 2026                                    BY THE COURT:

                                                        _____
                                                        Marilyn J. Horan
                                                        United States District Court

2